IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINGBROOK MARKET NO. 3, LLC, )<br>a/t/a Springbrook Market #2, SPRINGBROOK )<br>MARKET WEST CHICAGO, LLC a/t/a )<br>Springbrook Market #3, PEDRO L. MORALES, )<br>and LUIS MORALES, )<br>)<br>Defendants )<br>)<br>)<br>AUSTER ACQUISITIONS, LLC a/t/a The Auster )<br>Co. Inc. and JAB PRODUCE, INC., )<br>)<br>Intervening Plaintiffs, )<br>)<br>v. )<br>)<br>SPRINGBROOK MARKET NO. 3, LLC, )<br>a/t/a Springbrook Market #2, SPRINGBROOK )<br>MARKET WEST CHICAGO, LLC a/t/a )<br>Springbrook Market #3, PEDRO L. MORALES, )<br>and LUIS MORALES, )<br>)<br>Defendants. ) | Case No. 08CV5665<br>Judge Manning |

**MEMORANDUM AND ORDER**

On October 3, 2008, Plaintiff Anthony Marano Company ("Marano") brought suit against

Defendants Springbrook Market No. 3, LLC, Springbrook Market West Chicago, LLC, Pedro

Morales, and Luis Morales. On December 19, 2008, Auster Acquisitions and JAB Produce, Inc.

1

filed a motion for leave to intervene in the action to assert their trust rights against the defendants under the Perishable Agricultural Commodities Act ("PACA"). This court granted the motion on February 3, 2009. The magistrate judge entered an agreed order granting Intervening Plaintiffs' Motion for Preliminary Injunction on March 13, 2009. Shortly thereafter, on April 22, 2009, Intervening Plaintiffs filed a Motion for Entry of an Order Establishing PACA Claims Procedure, which this court entered on May 5, 2009.

Currently before the court is Intervening Plaintiffs' Motion for Reimbursement of Certain Fees and Costs of Intervening Plaintiffs from the Common Fund, which they timely filed on September 8, 2009. Intervening Plaintiffs seek a total of $13,247.55 in fees and costs for the work performed by two attorneys in establishing the common fund and claims procedure, and which benefited all Defendants' trust claimants. In response, Marano objects to the number of hours billed as well as some of the specific tasks for which Intervening Plaintiffs are seeking to recover fees. Marano requests that this court deny the motion or, alternatively, reduce the fees requested. For the following reasons, this court grants the Intervening Plaintiffs' motion.

## DISCUSSION

**I.     Entitlement to Attorneys' Fees**

Intervening Plaintiffs assert, and Marano does not dispute, that Paragraph 15 of the Order Establishing PACA Claims Procedure provides that counsel for Intervening Plaintiffs shall be entitled to apply for reasonable compensation from the PACA trust assets for her/his costs, expenses, and fees for efforts that benefited all of Defendants' trust claimants. Furthermore, Marano does not dispute that the fees which Intervening Plaintiffs seek to recover were incurred for efforts that benefited all of the defendants' trust claimants. Accordingly, the court concludes

that Intervening Plaintiffs are entitled to fees and costs in this case. *See Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 681 (7th Cir. 1992) (holding that PACA makes an award of costs and reasonable attorneys' fees to a prevailing party mandatory); *see also Fruit Belt Canning Co., Inc. v. Heinemann's Inc.*, No. 05 C 4359, 2006 WL 1430801 *1-2 (N.D. Ill. May 17, 2006) (noting that the entitlement to attorneys' fees need not be addressed at length since both parties agreed that attorneys' fees were warranted under PACA, and moving directly to a determination of the reasonableness of the amount sought).

## II. Reasonableness of Fees

In determining whether the attorneys' fees requested are reasonable, the party seeking to recover the fees bears the burden of proving the reasonableness of both the number of hours billed and the hourly rate applied. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fruit Belt Canning*, 05 C 4359, 2006 WL 1430801 at *1 (applying the *Hensley* rule to an attorneys' fees dispute in a PACA case).

The Supreme Court in *Hensley* laid out twelve factors to consider in determining the reasonableness of attorneys' fees: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

While the court has broad discretion in determining whether the amount of attorneys' fees requested is, in fact, reasonable, the court should explain its reasons for reducing the amounts awarded from what the party seeking recovery has requested, if it chooses to do so. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 519 (7th Cir. 1993). Additionally, the court should deny fees where they are excessive, redundant, or otherwise unnecessary. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550-52 (7th Cir. 1999).

A. <u>Objection to Local Counsel Billing 10 Hours When No Documents Were Drafted</u>

Marano argues that the $2,487.50 billed by local counsel for 10 hours of work, consisting of 3 court appearances and related communications with co-counsel in Washington, D.C., is excessive considering local counsel does not claim to have drafted or filed any documents in that time. Specifically, Marano asserts that it was excessive for local counsel to bill 1.25 hours for preparation and 4.0 hours for attending the preliminary injunction hearing on March 11, 2009, when the matter eventually resolved itself by agreement without any testimony.

Intervening Plaintiffs explain that they had a witness attend the court proceeding to provide testimony as necessary, and thus they were required to spend time preparing her for her testimony. While this court recognizes that the entry of the preliminary injunction was ultimately resolved at the hearing without the witness ever being called to testify, it finds that Intervening Plaintiffs should not be penalized for arriving prepared and conducting a fruitful negotiation. Furthermore, it agrees with Intervening Plaintiffs that the resolution may never have occurred had Intervening Plaintiffs not been fully prepared at the hearing with their witness. For those reasons, this court finds that 1.25 hours for preparation and 4.0 hours for attending the

preliminary injunction hearing is neither unreasonable nor excessive. Thus, Intervening Plaintiffs shall be awarded these amounts.

      B.      <u>Objection to General Counsel's Total Time Billed</u>

Marano also objects to the fact that the Washington, D.C. counsel billed 36 hours despite never "having appeared in court." Intervening Plaintiffs respond that Marano's objection to the billing of 36 hours is unwarranted considering the amount of money the PACA trust creditors are saving by having "competent local counsel make court appearances at a lower hourly rate with no travel costs." Moreover, Intervening Plaintiffs note that all of those hours have been completely and fully documented, with "no other PACA counsel objecting to the common fund fees applied for."

This court finds that in light of the fact that these 36 hours were billed over the course of approximately five months (February 2009 through July 13, 2009, as asserted on page 2 of Intervening Plaintiffs' Motion) and have been fully documented, 36 hours billed for the work performed is not unreasonable or excessive.

      C.      <u>Objection to Routine Tasks Being Overbilled by General Counsel</u>

Furthermore, Marano argues that the D.C. counsel billed three clients excessively. It emphasizes that two hours were billed on July 8-9, 2009, for preparing a PACA trust chart, an amount of time that it asserts is unreasonable considering the fact that the chart merely lists the amount of valid claims and calculates pro-rata amounts available to claimants. Additionally, Marano points out that general counsel billed two hours for drafting a memorandum in support of the preliminary injunction, which Marano argues is excessive because such a document is "routinely filed in PACA trust actions and likely adapted from previous filings."

In response, Intervening Plaintiffs assert that preparing the PACA trust chart and drafting the memorandum in support of the preliminary injunction were not routine tasks given the complexity of the specific fact pattern at hand and the number of involved parties. In particular, Intervening Plaintiffs note that "[g]iven the multiple intervening plaintiffs in this matter selling produce to defendants operating separately incorporated branch grocery store locations that were not paying PACA trust creditors, and the problem of commingling of assets between branch locations, the facts and legal issues raised were more complicated than Marano acknowledges." Intervening Plaintiffs further assert that several issues had to be raised in the preliminary injunction memorandum, including "evidence regarding a proposed sale and transfer of one corporate defendant's assets, the true nature of defendants' finances, and evidence that similarly situated produce suppliers of defendants are also unpaid…"

Based on the detailed explanation the Intervening Plaintiffs give for the four total hours spent creating the PACA chart and the memorandum in support of the preliminary injunction, the court finds the fees requested in association with these tasks are not excessive.

    D.    <u>General Objection to Significant Time Billed for Communications Between Counsel</u>

Marano argues that the time billed for communication between the general counsel in D.C. and the local counsel in Chicago was excessive. However, Marano fails to provide this court with any specific instances where it believes the communication was unnecessary or overbilled. Because communication between the general counsel and local counsel is an obvious implication of having two counsel of record, and because Marano fails to provide the court with

6

any factual basis as to why it was excessive, the court holds that the communications between counsel were appropriate and shall be compensated.

      E.      <u>General Assertion that General and Local Counsel Have Double-Billed</u>

Moreover, Marano asserts that "one explanation for the excessive billing is the overlapping work and double billing of Intervening Plaintiffs' two counsel of record." Without stating any specific instances where it believes the double billing occurred, Marano reiterates "it is not reasonable for two attorneys to bill for the same work."

Although the court agrees that it is not reasonable for two attorneys to bill for the same work, Marano, again, provides the court with no guidance as to instances where it believes double billing occurred. Rather, as noted above, Marano recognizes in its response that the local counsel's role consisted of appearing in court, performing oral argument, and communicating with the general counsel in Washington, D.C. General counsel, however, researched, drafted, and filed all of the documents. Because both parties recognize that a division of tasks was in place and because Marano fails to provide specific instances of duplicative billing, the court finds that general and local counsel billed appropriately and shall be compensated accordingly.

**CONCLUSION**

Intervening Plaintiffs' Motion for Reimbursement of Certain Fees and Costs of Intervening Plaintiffs from the Common Fund [96-1] is granted. Specifically, the court awards Intervening Plaintiffs compensation for the full 46 hours billed. Moreover, Marano did not contest the hourly billing rates of the attorneys, and the court finds that the rates are reasonable. Therefore, Intervening Plaintiffs are entitled to recover $13,247.55 as requested.

**DATE:** November 20, 2009

*[signature: Blanche M. Manning]*

**Blanche M. Manning**
**United States District Judge**